The next matter, No. 25-1349, Denham Capital Management LP et al. v. Scott Bessent. At this time, would counsel for the appellants please introduce themselves on the record to begin. Eric Konofka, on behalf of Appellant Denham Capital. Good morning, Your Honors. I'd like to reserve three minutes for rebuttal, if I may. The Tax Court's decision on the limited partner exception in Section 1402A.13 suffers from a merits problem the Fifth Circuit just addressed and a jurisdiction problem it didn't. On the merits, as the Fifth Circuit just recognized, a limited partner is a partner in a limited partnership that has limited liability. That follows from dictionary definitions, Social Security regulations, and IRS instructions that were all contemporaneous with the enactment of the exception. Denham's limited partners undisputedly had limited liability, so their share of Denham's income must be excluded from their net earnings from self-employment. As the Fifth Circuit also recognized, the Tax Court's passive investor test is wrong. When the limited partner exception was enacted, limited partners were not required to be passive investors. We can come back, but I take your position as we shouldn't address this question. Correct. There is a jurisdiction problem under TEFRA. There is no partnership item. The net earnings from self-employment are not a partnership item. And that means we can't address this question on your view. So in the ordinary course, the Court typically addresses jurisdiction issues first. This Court does have an exception where it's a matter of statutory jurisdiction. In the case of thorny jurisdiction issues, it can bypass statutory jurisdiction issues and proceed to decide the merits in favor of the party challenging jurisdiction, which in this case would be us. That said, we think in this case the jurisdiction issue is pretty easy and pretty straightforward, and so the Court would be justified in not invoking that rule in this case. Okay. Why don't you then start with the jurisdiction issue? Sure. So as I mentioned, the problem under TEFRA is that TEFRA requires there to be a partnership item determined in a partnership-level proceeding, and there has to be a partnership item in the final partnership administrative adjustment, and that's what you sort of take up to the Tax Court. And as we've explained in our briefing, net earnings from self-employment are not a partnership item. First of all, they are in both the tax code and the Social Security Act, which sort of makes it clear that it's not really even a tax concept at all. This is first and foremost a Social Security concept. But even under the definition of a partnership item, the first thing that it requires is that there be a provision of Subtitle A that requires a partnership to take them into account for their taxable year. Now, there's two pieces of that, if I understand it, that you're making, just so I get it. I think you're saying take into account means something different than requires to be stated? In that it requires the partnership. It has to be taken into account in some way for their taxable year. Which is different than just having to report it on the form? Well, the statute doesn't say anything about what the form requires. I'm not talking about whether the – What if some provision in Title A required the partnership to report information on its tax form for the taxable year? That's all it did. But it was not – you know, the names and addresses of the partners, let's say. Their Social Security numbers, other things like that, right? Those are not partnership items. Your view is even if that's in A, it's still not a partnership item. That's correct. Because the partnership would not be required to take it into account for their taxable year. And that's because you read take into account to mean something other than required to report? That's correct. And so just playing out that logic, if that's right under TEFRA, that means Congress made it so that things that were required for the partnership to put on its tax form, the IRS would have no means of correcting it when it was done wrong. Is that right? That's not correct. So what would happen, for example, in this case, is the IRS would be free to issue a notice of deficiency to the individual partners. No, no, no. I understand that. But let's say there's a requirement to put the names and addresses of the partners on a form. Let's say that's not in A, that's in F. The reason that's required, I assume, is because that facilitates tax collection. It does. And let's say the partnership just decides we're not going to do it. I don't feel like doing it. I'm not doing it. So they file their form clearly in violation of the requirement in F. On your view, there is nothing the IRS can do to make the partnership correct its form. Is that true or not true? I don't think so. There are very specific provisions in TEFRA that I don't have top of mind about where partnership information is missing or not provided to the IRS. So I don't want to misstate those provisions. There are provisions, I think, specifically dealing with that situation. Even for things that are not partnership items? I think even for things that are not partnership items. I think the thing about missing information about individual partners, I think, is specifically addressed in TEFRA as an issue. The reason why it wouldn't be a partnership item is because, obviously, Well, that might help you if there is a provision in TEFRA that says that because that would indicate that TEFRA might not treat that thing as itself a partnership item. But you don't know whether there is such a provision? I believe that there is. I just don't have a top of mind as to that. If you could provide us with a 28-J. Sure. I'd be happy to do that. So fundamentally, I mean, I think the problem that we're getting at here is that there is no provision of subtitling that requires the partnership to take it into account. It's not like that, right? What we have here at NetEarnings from Self-Employment is a situation where it's a calculation done at the individual level. I'm just saying your taking into account point is a lot broader than your subtitle A point. I think the take into account point is that the partnership has to take it into account. But that means even things in A that require them to state things are not partnership items. I don't think that that's right. For example, 702A1 through A8 requires partnerships to sort of state different items. It requires them to separately state various items. And the partnerships do have to take those items into account because they're items that they have to compute and separately state. They are things that they have to take into account. I'm sure this is overly simplistic, but you can politely tell me if that's so. To me, the concept of NetEarnings from Self-Employment, it's a derivative concept. It can only be, I understand that would be ultimately an individual partner determination that would affect the taxes that individual pays. But that cannot be determined until the partnership determines what its income is, applying all the deductions and credits and all that kind of stuff. So in that derivative sense, isn't the NetEarnings from Self-Employment inescapably linked to the totality of the partnership income? And in that sense, it is a partnership item. What's wrong with that logic? Judge Lopez, I think that the way that you're thinking about it is generally right. I think the difference between our position and the government's position is that that makes NetEarnings from Self-Employment at most an affected item. So TEFRA has two layers, right? It has partnership item. And I think we all agree that the partnership's trade or business income and each partner's distributive share of trade or business income are partnership items. And then you sort of take that number, the number that you're talking about, and that goes into NetEarnings from Self-Employment. But that is not itself NetEarnings. But NetEarnings from Self-Employment are not themselves a partnership item. So I gather there's been a – and I know we have to apply the law in place at the time that these proceedings took place. But is it correct that there have been some amendments to the Controlling Regulations that would sort of embrace this concept of affected items and make them partnership items? Is that, in fact, what has happened in recent years? So beginning in 2018, there was a new regime called the BBA, the Bipartisan Budget Act, that's replaced TEFRA. And actually, under the BBA – the BBA is generally more centralized than TEFRA was. There are a lot more things that happen in BBA proceedings. But actually, if you look under current Section 6241, Paragraph 9, it specifically says that taxes under Chapter 2 are not sort of part of the BBA. And Chapter 2 is NetEarnings from Self-Employment and Self-Employment tax. So it's our position that actually income Self-Employment tax would not be determined at the partnership level, even under the current regime, which is sort of indicative because the TEFRA was even less. One last question on this textual point. If I'm understanding it, are you saying all affected items are necessarily items that you don't have to take into account? Affected items are items that are affected by partnership items. So it would be – so the partnership would have to take something into account. There would have to be an adjustment to that partnership item. And then that adjustment would have to affect something on the individual tax return. The thing that it then affects on the tax return, are you saying, is not a thing that itself had to be taken into account? I think that that's correct. Right. So I'm just trying to understand. Right. If you're right about that, it is irrelevant whether something appears in – this type of thing appears in A or not. Because no matter where it appears on your view, it's never going to be a partnership item. I'm not following. Isn't that just the – isn't that what the text – your reading of the text – because you're hinging it now on the words take into account. Take into account for their taxable year. Yeah. And there's nothing that requires partnership.  Once that's true, we don't care whether the requirement here is in A, B, C, D, E, or F. Wherever it is, it will still always be something they don't have to take into account for the taxable year. I suppose that's true. If there is no provision that requires partnerships to ever take them into account anywhere, then it doesn't matter if it's subtitle A. I think what that language is doing is it's saying – But you're separately arguing this requirement isn't in A. That is – right. The reporting requirement for partnerships to report is under subtitle F. That's correct. Counsel, could I ask you to address the Keener decision and the interpretation of the language that the Federal Circuit provided in that decision where it looks at the definition of partnership item and concludes that the phrase under any provision of subtitle A only modifies the partnership's taxable year. Are you familiar? I'm somewhat familiar with the line of thinking. I don't think that that's a universal understanding of that phrase. But even if it were, we would still win that because it's under 1402A. It's clear that net earnings from self-employment are calculated for the individual's taxable year and not for the partnership's taxable year. That's the flush language after all of the exceptions that says that net earnings from self-employment are computed. Basically, an individual has to sort of include partnership income for his taxable year. Can I just ask a follow-up on that, though? Does subtitle A have multiple provisions about what a partnership's taxable year is? In other words, how does a partnership figure out its taxable year? A partnership generally has to – they pick a taxable year. Generally, it's the calendar year. But there are provisions that require it in some circumstances to be linked to the partner's tax year. So in some instances, if, for example, all the partners have one tax year, the partnership may have to have the same tax year. But there are a lot of intricate rules about that. Does subtitle A have multiple provisions that deal with what would determine a partnership's taxable year? It certainly has provisions. I think they're in 705, 706, somewhere around there. Thank you. But just going back to Keener, just so I'm – the force of Keener's analysis is that your argument that because this isn't – unless I'm just missing something, I thought you were making an argument that if a requirement to report is not in subtitle A, without knowing anything more, we know it's not a partnership item. Is that wrong? Just by the fact that the requirement is not in A tells me it's not a partnership item. I thought you were making that argument just now. Are you not? I think – so the government's argument – just to be clear, the government's argument is 1402 is in subtitle A. I understand that. It's a partnership item. And you're saying that the – but I thought you were making a threshold argument, not dispositive in this case, that something has to be in A, whatever it is. If it's not in A, you're already out. Is that your view or not? I think ultimately if the item that's being reported is an item that's required to be taken into account under provision of subtitle A, then that would be a partnership item. I understand that. If it's not in – But I want to just understand the – it's going to matter how we now analyze this issue. Because there are a lot of other requirements in subtitle F. Right. So that's why we're asking. Your view is if it's not in subtitle – you have to report, you know, on 1065, they do have to report. Right. I don't just – So is your position, as long as the requirement to report is not in subtitle A, that's it, end of story? Our position is essentially that merely by the IRS sort of including it on its form and in its instructions, that doesn't make it a partnership item. You're just not answering the question, okay? Because I think you're worried that somehow we're tricking you. We're not tricking you, okay? We recognize their argument is that there's a requirement in A to do something. And we recognize, you recognize, that there is such a provision. So don't worry about that, okay? You're separately saying, though, I thought to us, that the right way to read the definition of partnership item is that for anything to be a partnership item, as a threshold matter, it at least has to be a requirement that appears in A. I believe that's correct. That is your view? Yes. Keener suggests grammatically that's not necessarily correct because a provision of Title A could be just modifying taxable year and not partnership item.  Okay. Even if we accept Keener, let's say I'm persuaded by Keener, I take you to be saying today, even if something is required in A, it still has to be taken into account for the taxable year.  And a mere requirement to report is not taking into account. That's correct. What is your authority for that narrow proposition? That, sorry, I mean the statute itself says that it has to be taken into account for the partnership taxable year.  What leads us to conclude that the words taken into account does not include reporting it on your tax form? I don't have something off the top of my head, but I'd be happy to come up with it. Is there any court that's ever held that Keener didn't seem to take that view? I mean, so, for example, if you look at the tax court's decision and recognize this is not an appellate court, but Olson Smith, for example, there are lots of discussions about what needs to be put on the Schedule K, the Schedule K-1, and the tax return. And there are a few cases, including, I think, Olson Smith, where the, I think that case was about the, whether the partner, sort of the status of the indirect partner, where that might be actually affected on the individual K-1 that would be reported on the return. And that wouldn't, that was not, that was found not to be a partnership item in that case. I think Grigoracci, which is another case that we cite, also a tax court decision, kind of deal with items that may be helpful in thinking through that issue. Okay, thank you. Thank you. Counsel, just very quick. Did I understand you to say that you recognize that we can just avoid the jurisdictional issue and you have, I mean, it was pointed out that you focused heavily on the merits and sort of secondarily dealt with the jurisdictional issues. Is that because you're anticipating that we might choose to do that? I think we briefed the merits first because, frankly, that's how SOAR bonded. I think you think we can do that if you win. Yeah. That's certainly true. Right, yeah. You think if you lose, we can't do that. That's correct. That's correct. And that's probably right under our hypothetical jurisdiction. That's the bypass rule that we have. Exactly. Because only, we bypass only if we win. Only if we win. That's correct. We've detained you on the jurisdictional issue, but I do want to hear, and I know we're over, but I want to hear your view on the merits so we have a chance to discuss that. Sure. Do you want to talk about that now or in rebuttal? Right now. Okay. I'd love to talk about the merits. So with regard to the- Counsel, can I just ask you straight off since we are over time? When I reviewed some of the relevant dictionary definitions, it did seem to me that your briefing seemed to ignore parts of the definitions at the time. So, for instance, you know, Blacks 1968, it does talk about a limited partnership being in terms of your risk is limited to the amount that you've invested, but then another part of the definition says it's a partner whose responsibility is restricted for the amount of his investment. And part of that is because they're talking about limited partners and special partners is essentially the same thing. But there are a number of definitions like that that actually include this notion that it's not just about your risk is limited, but you have to be limited in your responsibilities. And I don't really think you fully addressed that in your brief. Can you respond to that now?  So I guess I would start by maybe distinguishing is if you look in Blacks, they have a definition of limited partner and a definition of limited partnership. And the definition of limited partner, which is the one that the Fifth Circuit just focused on in Syria, actually doesn't say anything about their participation in the business. It just focuses on limited liability. And that's true in both the Fourth Edition and the Fifth Edition of Blacks. It's only when you get to the definition of a limited partnership that you start picking up on those cues about what they can do in the business. And I think our position is, look, if you look at the Commissioner's brief, what they're really focusing on is definitions that are from 1910 and much earlier than that. And our position is that even if you look at, for example, the 1968 edition of Bromberg on partnerships, it's sort of recognizing that what a limited partner is allowed to do is very much in flux and changing at that time. And our position is just that by 1977, whatever restrictions there were on what a limited partner could do for the partnership had been relaxed, such that they weren't required to be passive investors, and the real focus was on limited liability and whether they did anything to lose their limited liability. And by 1977, especially if you look at, for example, the revised Uniform Limited Partnership Act, it was very clear that you could participate as, for example, an agent or an employee of the limited partnership or of the general partner without becoming a controlling person who would be treated as a general partner with unlimited liability. And that's fundamentally what we have here, is we have limited partners who are acting on behalf of the general partnership when conducting the limited partnerships business. We have this language, limited partner as such.  A lot of talk about what does as such mean. When I see that language, to me as such suggests a capacity analysis, a limited partner functioning in a certain way. To me, the concept of limited liability, it's a consequence of being a limited partner. It has nothing to do with role, the way in which the limited partner is functioning. Whereas the concept of a passive investor is very much a role analysis. And so it seems to me that the government, in focusing on that concept of role and taking kind of the classical traditional view that a limited partner is usually a passive investor, their approach seems much more consistent with the as such language than your reading, which again has nothing to do with the role of a limited partner. You're just talking about a legal consequence. Why is that a wrong way to look at the significance of that language? So the as such language is really about distinguishing. It's dealing with dual status partners or partners who are both a general partner. Well, that's your argument. I think if you want to look at legislative history, I think that's ultimately what the legislative history is saying as well. The legislative history specifically says that to the extent a limited partner is also a general partner, they would not be subject to the limited partner exception. That's consistent with the passive investor notion. It's not inconsistent with it. It doesn't say that's the only point, right? Well, I think the treatment of dual status partner is inconsistent with the passive investor test because you could have a partner who was both a limited partner and a general partner and they would not be a passive investor. And so you wouldn't be able to, in the government's view, a dual status partner, because they are not a passive investor, would not get the limited partner exception even for their limited partner share because they would be acting as a non-passive participant in the partnership's activities. So, counsel, is your position that as of 1977, somebody could work full-time for a partnership like the partners here do and be considered a limited partner? It is. Even if they actually haven't contributed any capital. So there's somebody that works full-time, actually didn't contribute any capital to the partnership, but they qualify as a limited partner? That's correct. What's your best support for that position? RULPA Section 303b-1 is very supportive of that. I think the Real Estate Roundtable cited a case called Frigidaire Sales that's very supportive of that, and the cases that they cited generally are quite helpful on that. Will you remind me when was the RULPA? I'm sure I'm getting the acronyms right. It came out in 1976. And Frigidaire Sales was 1977. Okay. So you think those are your best authorities? That's correct. And just one more time, now that we've taken the position to its logical limit, which I appreciate you being candid about, given that's the logic of it, in light of Judge Lopez's question, why would Congress possibly have wanted to treat such a person as not a wage earner, solely in consequence of the fact about whether they get limited liability? What's the reason? Is there anything we can come up with that would make sense of that? I won't pretend to know exactly the line that Congress is trying to draw there, but remember that ultimately what the limited partner exception was trying to do was trying to keep income out of the Social Security wage base. It was not a tax provision per se. It was saying we don't want limited partner income to be in the Social Security. We don't want it to give rise to coverage under Social Security. Why would they want a person who's a full-time employee not to get Social Security benefits and not to pay the wage taxes just because the state, for whatever odd reason, happened to give them limited liability rather than general liability? What would be the logic for that? I don't know. I won't pretend to know exactly what was going on in Congress's mind at the time. We know the line that they drew. Can we imagine a Congress that would have had that interest? There is one consequence that we thought of, which is we haven't really talked about the guaranteed payment carve-out in the limited partner exception, but what that says is if you get a guaranteed payment that's remuneration for services, that's included in your income. But one consequence would be if you were a limited partner who's getting a guaranteed payment like that, you could still get losses from the partnership, which would reduce your net earnings from self-employment otherwise. So one possible reason for it would be to ensure that the guaranteed payments were included in net earnings from self-employment, even if the limited partner had losses from the partnership. Thank you. Thank you. Thank you. Would counsel for the appellee please introduce yourself on the record to begin? Good morning. May it please the Court, Ellen Dulsole for the Commissioner of Internal Revenue. I'd like to start with the merits because I think the TEFRA issue is pretty well laid out in our briefs and then circle back to that if there are questions. I'd rather you start with the jurisdiction issue. All right. I'd be happy to do that, Your Honor. The purpose of TEFRA was to make sure that things that affect all the partners in the partnership are addressed together in a partnership-level proceeding. And this idea that this shouldn't be addressed in a partnership-level proceeding is exactly what TEFRA was designed to prevent, the situation where each partner could be limited. In the world we inhabit, people seem very interested in the text of statutes. Well, I think the text of the statute, TEFRA requires the partnership. The partnership doesn't pay tax. And so for the partnership to take into account something really doesn't mean anything different than what the partnership reports that then flows through to the partners. And that's everything in Subtitle A, which includes Section 1402. So I think in this case, clearly this falls within what the partnership is going to take into account. Okay. So just on this take into account, you're not aware of any authority that would suggest take into account means something other than or doesn't. If you have to report something as a partnership on your tax form, you would say that qualifies as having to take it into account. Yes. And it includes not only And do you have any authority for that proposition? Well, I think, first of all, if you just look at the text itself, it means not only what you have to report in terms of the positive income, but also the things you take away from that because it has examples like deductions, and then in the regulations the term et cetera is used, which indicates it's very broad. And the Supreme Court in Woods described a partnership item as anything that's relevant to the partnership. And I think the Keener and the Weiner case in the Fifth Circuit are both very aligned with that. Okay. So that takes care of the take into account in your view. Yes. But then we still have the issue of the reference to A in the definition of partnership item. And you say that's solved here because the requirement you're talking about to state this, you say, is in A. Is in subtitle A, yes. Right. But if we disagreed with you on that because when we look at it, it's not clear what in A is saying you have to state this information. Well, Your Honor, I think you have to state all the items that are in subtitle A. Yes. Net earnings from self-employment are part of subtitle A. And in Section 1402, in the beginning language of that section, it says the distributive share of a partnership. But it doesn't say that you have to identify the net self-employment earnings of each partner. Well, I think that would be, I guess, partially under 704, which is also in Section 704, which is also in subtitle A, requires that the partnership agreement be followed and figure out the distributions of each partner. Yes, but it doesn't have the stating requirement. Pardon me? It doesn't have the stating requirement? Right. Well, I do think that, you know. What we're looking for is some provision in A that says you must state the net self-employment earnings of each partner, right? Well, I think between 704 and 1402A that that is required, and it is reiterated under TEFRA under 6031, which requires the partnership to report all the items of income that are listed in subtitle A. Last couple questions on this. In the form, everybody agrees there's a form the partnership has to fill out that does require this information to be filled out on that form. Yes, Your Honor. Okay. What is the authority in the government's view for that requirement? Is that coming from these provisions in A and only that? The authority for having to report it? I think it's a combination of 6030 and the partnership provisions in 701 through 704, which are in subtitle A, and then, I mean, to look to what you have to report, and that's in 6031. It says report everything that's required under subtitle A, and that means everything you have from a trade or business, what is your income, all the things that are in subtitle A you have to report. So TEFRA gives you the instruction to report it. I was asking a slightly different question, which is if we – they make an argument that when you read the provisions in A, nothing says you have to state this particular information on the partnership's tax form. I think that's incorrect, Your Honor. I know you do. I think 1402 does. And I understand why you do. But there is a potential alternative argument that even if it's not in A, even if that requirement is not in A, they are not disputing that there is a requirement for the partnership to provide that information. That is true. And I think the keener – And keener then is a potential argument that you don't have to have the requirement located in A in order for it to be a partnership item. That is true, and I think – And then I'm just asking, if we follow that logic, I'm just curious, is there any source of authority for the requirement to report that information on the partnership's tax form other than these provisions that you're pointing to in A? Well, there's the provisions under TEFRA, under 6031. What do they say? Which actually says that the partner is required to report income partnership and other items. I see. And where is that located? I believe that's in F. In F. Okay. So the logic would be maybe this – the alternative idea is maybe this is a requirement under F, but under keener, that's fine because the provisions of A only modify taxable year and take account includes anything you're required to put on the form. I think that is true, Your Honor. I think that's another way of looking at it. And I think 6231 and its regulations spell out that really this requirement to report under TEFRA is what's being defined under the code as a partnership item. And I think the Woods case in the Supreme Court also addresses this. I mean, I think the keener case dealt with statute of limitations and Woods dealt with penalties which were both things outside subtitle A and determined those were partnership items and recognized that the whole idea was what TEFRA was trying to do is encompass anything that really pertains just to the partnership itself. So, counsel, would your position be that literally anything that's required to be reported on 1065 is a partnership item then? I think so because it's what, especially if it's here, when I get to the merits I like to explain when there's a question regarding how that applies to the partners, that applies to all the partners, the whole idea is to get that in one proceeding at a partnership level. Is the thought that the to the extent language is maybe a limitation on that? In other words, if it happens to be that there's a requirement to do something that is more sensibly decided given the regulations at the partner level, then it's not a partnership item but only then. I think if it only pertains to questions that are partner only, that don't encompass the partnership as a whole, and there is the other category of affected items where you could have this proceeding, the partnership level proceeding first, where you decide what something means for the partnership and then apply it to subsequently in a later proceeding to each partner based on their particular facts. But why wouldn't this be a partner level item? Because what your opposing counsel has said is, well, you could have somebody that actually works in multiple partnerships and so their share, even if it is net self-employment income, ultimately what they have to report is going to really depend on their individual circumstances. Even if you qualify under the first part of the partnership item definition, why under the regulation is this not something that really makes much more sense to determine at a partner level? Well, I think for each partnership you have to determine what the net earnings from self-employment are from that partnership, and I think that is a question that relates to that partnership. Just because it's on the form you mean? Well, because that's also what the code requires in terms of you have to figure out whether the partner's carried on a trade or business. I think this goes to the merits of what the role of the limited partner was within that partnership, that the limited partner in 1977 was not just – I don't think we can look at that as just a label, if you have that label today, because the meaning has changed and you have to look at whether – I guess what I'm asking is a little bit different. I mean, it's true that the partnership has to figure out everybody's or has to report everybody's distributive shares, but whether those distributive shares are in fact self-employment income that a partner has to report, that's the question in this case. So why isn't that a partner-by-partner analysis? Because different partners could be working for multiple partnerships. I mean, there might be all sorts of questions about – Well, there could be a situation where there are particular questions related to a partner, which would be for a subsequent proceeding. This is not that close case. This is a situation where all – as the tax court went through a facts and circumstances analysis and found that all these partners were basically doing the same thing. I thought your argument was based on what you were saying earlier about that provision in TEFRA 60-something or other. Yes. Which made sense to me that, in theory, maybe this could have been a partner-level item, but since there is a requirement for the partnership to report this information, it just is necessarily a partnership item, just like names and addresses of the partners. It is. I mean, in theory, that could be a partner-level determination. But that doesn't mean that, say, if one partner was a corporation, it wouldn't ultimately owe self-employment tax because a corporation is – That's the merits point. I'm just talking about whether it's a partnership item to begin with. But I don't think it changes the fact that what are the distributive shares from the partnership is a partnership item. Yes, but the definition of a distributive share to a partner is different than a determination of net self-employment. Well, there's two different questions. There's how much self-employment tax does a person owe, and then there's what 1402A is addressing is what are the net earnings of self-employment, and that includes – 1402A doesn't talk about that. I'm sorry, Your Honor. I think, I mean, if you look at the statute, it actually defines net earnings from self-employment to mean – 1402A isn't requiring the – The distributive share from a trade or business carried on by a partnership. But that doesn't say that you have to then identify each limited partner's net self-employment. That comes only from the requirement in the form. Well, and I think that's in 704. I believe it's in 704 of the code to indicate each partner's distributive share of that. But that partner's distributive share is also not the same as the information about what their net self-employment wages are. Whether it is net self-employment wages is the question in this case to be decided. So they're different logically. You could just say here's the distributive share. This is what I paid out as the distributive share. Okay, was that distributive share net self-employment? And that – But nothing in 704 says do the second step. Well, I think 1402 says you have to look at these questions to figure out whether it was net earnings from self-employment. And these are partnership questions. What business was the partnership carrying on? And what's being reported as partnership income? And how is that partnership being operated? It seems to me your opponent has said everything you're saying amounts to the proposition that these partnership determinations will affect what are the net earnings from self-employment. But if it only affects that determination, it's not a partnership item. Yeah, it is a partnership item because if it's affected, you have to figure out what the partnership level rule is, and then you can filter down like a funnel and apply it to the partners. But the partnership level item is divine to get at the big picture of the partnership. And I think – I see my time is running short, and I would like to get to the merits. And I think the merits sort of speak to this because I think the serious opinion got it wrong in just looking at a label and that under the law in 1977, there was a functional analysis of whether someone was a limited partner. It wasn't just a question of limited liability, but it was also a matter of control and role in the partnership. And that's something that is appropriately determined at the partnership level. And I think the serious court in focusing just on forms and instructions and definitions really overlooked the case law at the time that conducted a facts and circumstances analysis of whether someone was exerting – how the partnership was operating and whether partners were exerting a sort of control that made them lose that limited liability status. And I think that – if you compare – look at like the Delaney case cited in our briefs on page 48, that's an example of a situation where the limited partners formed a general partnership to be the general partner, and they controlled that general partner. And the court said they were controlling the partnership, so they were no longer limited partners entitled to limited liability. And I think it's that sort of facts and circumstances analysis that the tax court is now applying. Just on your view, which I understand the coherence of it, why did they use the word limited partner rather than passive investor? Why do you think? I think they recognized that the law had evolved from the point that limited partners were not always exclusively passive investors, both under the case law as it had developed as of the 1970s and under the statutes that existed at that point. I think historically – So why didn't they use the term passive investor then? Why did they use the term that was most likely to cause confusion? Well, because I think they wanted people who were primarily passive investors who might – I mean, the Guarantee Payments Clause posits that they did think that there could be a situation where a limited partner might do some work for the business and still be primarily a passive investor. But you could have included that same carve-out with the same language. It's just the focus on the word limited partner is just an oddity if you're acknowledging that things were in flux. What they really meant was passive investor, and nonetheless they chose the term that was in flux. Well, maybe they recognize – they perhaps did not think it was intended to – expected to expand the way it has. I mean, I think they may have thought, well, you know, you have these people – you know, at the time the issue came up because people who were limited partners were getting Social Security when they were not working. And I think they may have been focused on that particular group that they were aiming at. And I think the legislative history, particularly the House Report at 95702 Part 1 at pages 40 through 41, makes it really clear that that's what they were aiming at. These people who weren't working to get Social Security, which is what Congress was aiming to address with this, were getting the benefits of Social Security by being limited partners. And I think that probably led to Congress taking the approach that it did. And I think that that purpose really makes clear that it was the behavior of the partnership that Congress was aimed at. And I just want to recognize that this – make sure that I point out that this sort of flip side situation that we have here where people are not paying Social Security and Medicare tax – and I want to emphasize this includes Medicare – on basically what they're earning for working for a company because they name themselves limited partners under current law. Just on that last point, if we accepted the Denham's position, what would they be taxed as? Just investment income? What would happen if we agreed – if we say the exclusion applies, Denham's right, then those persons who are qualifying as limited partners, even though they're not passive investors, they would get the benefit of the exclusion. What would the – how would – Their distributive share would still be subject to income tax. It would be income from the partnership that would flow to them. Income tax, not as investment income? I don't think it would be treated as investment income, Your Honor, because there are partners in the partnership, and it would be flow-through income. It's a path-through entity. So the main thing that matters here is it means they wouldn't have to pay Social Security. Pay Social Security. Well, in this case, their guaranteed payments actually went up over – in most of the cases over the Social Security maximum for the year, but they are not paying Medicare taxes because Medicare tax doesn't have that cap. And if you had, in other cases like Sirius, where the guaranteed payments were significantly under the cap, they're not paying their Social Security and they're not paying their Medicare. And I would just add – Counsel, can I just clarify? So you're saying if the distributive share – put the guaranteed payments aside. If the distributive share payment, if Denham is right about their interpretation of it and it qualifies for the exclusion, you're saying it would be taxed at the normal income tax rate for that individual and their marginal rate, et cetera? I believe – Not capital gains? No, it's pass-through income to the partners. So I think that would be ordinary income, but they wouldn't pay any self-employment tax on it. So they would basically, unlike every other worker in America who contributes to Social Security and Medicare, they would be allowed not to. And I think it's important to recognize that you don't just get out what you pay in. After you've worked for 40 quarters, which is only 10 years, you can qualify for the maximum Social Security benefits and for Medicare, and the systems really depend on all the wage earners paying throughout their careers, and this situation stands to really be a large impact on that. Counsel, how does the as-such language support the government's passive investor view of the statute? Well, I think it was aimed at getting at someone who is in the role of limited partner as a limited partner and recognizing that you might have someone who's working and getting a guaranteed payment, but to the extent that they are holding the title of limited partner, it's the income that they receive in that role, the distributive share, that Congress was intending to apply the exclusion to. Thank you. If there are no questions, we would just ask the Court to affirm. Thank you, Counsel. At this time, would Counsel for the Appellants please reintroduce himself on the record? He has a three-minute rebuttal. Thank you. Eric Konopka for Appellant Denim. I appreciate your indulgence with rebuttal time. On the TEFRA issue, the Commissioner on Monday, I think it was, filed a letter talking about a 1997 field service advisory. That was an IRS piece of guidance. It actually laid out the kind of chain of analysis that we think is correct, that partnership trader business income is a partnership item. Each partner's distributive share is a partnership item, but the application of self-employment tax to that partnership item is itself an affected item. That's in their own guidance. We also have a number of cases that were cited across the briefing, including Castigliola, Duffy, Hardy, Johnson, Joseph, and Perry, that were all limited partner cases that were partner-level determinations, not partnership-level determinations. I think on the estate of Keener case, I had a chance to look at that again during my little break, and I think one of the things that's a little bit interesting about that case is it was actually a Chevron case. It sort of found the term ambiguous, kind of pointing to some other cases that talked about that, and then said we're going to side with the government on that. So query whether it still holds as much sway in today's environment. On the merits, I mean, one of the things we didn't really talk about, but I think Judge Rickleman. Before you get to the merits, your opponents, the government, mentioned would with respect to your take-into-account contention, and the force of that is if we thought, since you're not disputing that there is a requirement for the partnership to put this on the form, this information, their contention is would suggest that anything that is like that is a partnership item, and so take-into-account in light of would has to be read to include all the things that you're obliged to report as a partnership. What's your answer to that? I'm not sure that would stands for quite that broad of a proposition. I mean, would was really about a penalty determination that was sort of bifurcated between the partnership and the partner-level proceedings under a different provision. But I think what would actually says, it articulates the entire partnership rule, that partnership items are things that affect all of the partners, the entire partnership, that the commissioner here is saying is wrong. But we know that net earnings from self-employment don't affect the entire partnership, and they don't, and one partner is. Just to pass on this, doesn't a requirement of the partnership to do something necessarily affect the entire partnership? So if there is a requirement for the partnership to put something down on its form for that taxable year as the partnership, isn't that necessarily something that affects the entire partnership? I don't think so. Why not? I mean, the IRS can't just sort of say we're going to require you to put something on a form and then make it a partnership item. Because, for example, the IRS could come back and say, well, you have to list every partner's, you know, adjusted gross income or something on the partnership. And that would just go to the question of whether they have the authority to require something to be reported. And you're dead right. They couldn't say, you know, what's your favorite musician? Right. So, but you're not challenging their authority to have imposed this requirement. We are not challenging the regulatory requirements. So the question is, those things they have the authority to require of the partnership, why aren't they necessarily affecting the whole partnership since it's the partnership that has to comply with that requirement? Because they don't need to be determined at the partnership level because they don't affect everything in the partnership. Right? You could have any number of things reported on the form that don't affect the partnership or don't affect all of the partners. And here we know that net earnings from self-employment don't affect the partnership and don't affect the other partners. On the merits, I mean, if I may have just 30 more seconds, the one point we didn't really talk about was the regulations and the IRS forms and instructions. I think, again, Judge Rickleman, you were asking me earlier about what our best authority is. I didn't mention the regulations and the forms, but they are very good authority on our point that a limited partner has always meant limited liability, and that was sort of the defining characteristic that the limited partner exception had in mind from 1977 all the way to today. Thank you.